IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON


**UNITED STATES OF AMERICA,**               CR 99-561
                                            (CV 02-1286)
            **Plaintiff,**
                                            OPINION AND ORDER
v.

**TYRONE BLOCKER,**

            **Defendant.**


**KARIN J. IMMERGUT**
United States Attorney
**FRANK NOONAN**
Assistant United States Attorney
1000 S. W. Third, Suite 600
Portland, OR  97204
(503) 727-1010

            Attorneys for Plaintiff

**TYRONE BLOCKER**
Fed. Reg. No. 64450-065
Federal Correctional Institution
P. O. Box 5000
Sheridan, OR  97378-5000

            Defendant, *Pro Se*


1  - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Tyrone Blocker's Request for Evidentiary Hearing Pursuant to Fed. R. Civ. P. 60(b) (#169). The parties are familiar with the procedural history of Defendant's criminal prosecution and his many attempts to seek relief from his Judgment of Conviction. The Court, therefore, need not repeat that history.

For the reasons that follow, the Court **DENIES** Defendant's Request.

## DISCUSSION

Defendant bases his Request on Fed. R. Civ. P. 60(b), which provides in part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall*

> *be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.*

(Emphasis added.)

As the government correctly notes, Rule 60(b) applies only to civil cases. *See* Fed. R. Civ. P. 1. *See also United States v. Fair*, 326 F.3d 1317 (9th Cir. 2003). This, of course, is not a civil case, and Rule 60(b), therefore, is not available to Defendant Blocker as a procedural vehicle to seek relief from the Judgment of Conviction entered against him.

Even if Rule 60(b) were available to Defendant Blocker, his Request is not timely under the plain language of Rule 60(b). Defendant Blocker characterizes the present issue before the Court as "whether the extrinsic fraud herein shown so affected the outcome [of his case] as to allow this court to revisit the underlying habeas corpus issues." Thus, Defendant Blocker's Request is based on "reason (3)" of Rule 60(b): "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party". Although the plain language of the Rule required Defendant Blocker to file his Request no later than one year after entry of the Judgment against him, he filed his Request on April 6, 2005, which is more than four years after the Court entered the Judgment of Conviction on January 29, 2001, and more than two years after the Court denied Defendant Blocker's Motion to Vacate or Correct

3 - OPINION AND ORDER

Sentence on January 21, 2003.

Finally, the government also describes Defendant Blocker's Request as another effort to continue "to relitigate issues which this Court has previously denied (CR 141, 144, 148-50, 157, 166)." The Court agrees and concludes Defendant Blocker's Request requires no further analysis.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendant Tyrone Blocker's Request for Evidentiary Hearing Pursuant to Fed. R. Civ. P. 60(b) (#169).

IT IS SO ORDERED.

DATED this 3rd day of June, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge